# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

RAYMOND EDWARDS       )
                              )
     Plaintiff,         )
                              )
v.                          )        CV419-323
                              )
CHATHAM COUNTY      )
DETENTION CENTER,    )
CHATHAM COUNTY      )
SHERIFF, and A-Z PAVING )
                              )
     Defendants.     )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Raymond Edwards brings this 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement. Doc. 1. The Court granted Edwards' Motion for Leave to Proceed *in forma pauperis* (IFP), doc. 3, and he has provided all required documentation, docs 4 & 5. It now screens his Complaint pursuant to 28 U.S.C. § 1915A[1] to determine whether he has stated a colorable claim for relief under § 1983.

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable

1

## I.    BACKGROUND

Edwards is an inmate at the Chatham County Detention Center (CCDC). Doc. 1 at 3. He is not satisfied with the conditions there, claiming that he is housed in a two-person cell with a third inmate, and that he has not been provided heat or hot water. *Id.* at 5. According to Edwards, maintenance turned off the hot water and the heat was not turned on despite days with temperatures as low at 18 degrees. *Id.* at 3. He alleges that the lack of hot water and heat is "all per [the] sheriff's instructions." *Id.* at 4. At the time he filed his Complaint, these conditions had allegedly existed for 14 days. *Id.* at 5.

Edwards claims that the lack of heat causes "damp stagnated coldness which contributes to ill health." Doc. 1 at 5. He also claims that the lack of hot water renders the cell unlivable, impacting the sanitation and limiting the ability to prepare food. *Id.* He further claims that the

---

claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

third person in his two-person cell creates overcrowding, threatening the health of the inmates because of airborne diseases and rashes.  *Id.*  He finally asserts that the cell does not have necessary ventilation to "purify the accommodations."  *Id.*

Edwards named CCDC, the Chatham County Sheriff, and A-Z Paving as defendants in this case.  *Id.* at 1, 4.  He seeks to "[b]ring all parties in compliance with the standard [operating] procedures" of the CCDC, such that the inmates housed there are not being punished by correction personnel.  *Id* at 6.  He further seeks to make all parties aware of the "[inappropriate] policy practiced at this facility."  *Id.*  Liberally construed, he seeks injunctive and declaratory relief under § 1983.

## II.   ANALYSIS

### A.   Claims Against Chatham County Detention Center

The CCDC is not an entity subject to suit under § 1983.  *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff's department and police departments are not considered legal entities subject to suit), *cited by Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003);

*Bembry v. St. Lawrence*, 2007 WL 4256984 at *2 (S.D. Ga. Nov. 30, 2007) ("Chatham County Jail [] is not an entity subject to suit under § 1983."). Accordingly, Chatham County Detention Center should be **DISMISSED**.

## B.    Claims Against A-Z Paving

To prevail on a § 1983 cause of action, a plaintiff must show that a wrongful act "(1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The law is clear that "the under-color-of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted). "Only in rare circumstances can a private party be viewed as a 'State actor' for section 1983 purposes." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey*, 949 F.2d at 1130). Indeed, a private entity can qualify as a "state actor" under § 1983 only if one of the following three tests is satisfied: (a) a "state compulsion test," wherein the state has coerced or significantly encouraged the violative conduct; (b) a "public function test,"

wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; or (c) a "nexus/joint action test," wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise. *Rayburn*, 241 F.3d at 1347.

Edwards has named A-Z Paving as a defendant in this matter, doc. 1 at 4, but has not included any allegations to support a claim against this (apparently) private entity, doc. 1 at 5. Because he has not alleged any facts at all implicating A-Z Paving, and more importantly, has not alleged any facts indicating that A-Z Paving is a state actor, A-Z Paving should be **DISMISSED**.

## C.   Conditions of Confinement Claim

Edwards' claim against the Chatham County Sheriff challenging the conditions of his confinement at CCDC is an alleged violation of his Eighth Amendment right to be free from cruel and unusual punishments. *See Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement.") (internal citations and quotations omitted).

While "the Constitution does not mandate comfortable prisons," prison conditions can rise to the level of an Eighth Amendment violation if they "involve the wanton and unnecessary infliction of pain." *Id.* at 1289 (internal citations omitted).

A prisoner raising an Eighth Amendment challenge to the conditions of his confinement must plead facts that meet a two-part test. *Chandler*, 379 F.3d at 1289; *see also Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (Eighth Amendment claims "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). First, under the "objective component," a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. *Id.* To meet this standard, the alleged condition must be "extreme," and "pose an unreasonable risk of serious damage to his future health or safety." *Id.* (internal citations and quotations omitted). Second, under the "subjective component," the prisoner must allege facts that the prison official acted with deliberate indifference. *Id.*

Deliberate indifference has three sub-components: (1) the prison official's subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003).

At present, Edwards' Complaint does not state a claim for a violation of the Eighth Amendment as it relates to the temperature in his cell. While he does claim that the sheriff has instructed the CCDC's maintenance team to turn off the hot water and not turn on the heat, he does not provide any additional information about the condition of his cell. His conclusory allegation that the lack of heat causes "damp stagnated coldness" is not sufficient to allege an objectively serious condition to support a constitutional violation. *See*, *e.g.*, *Williams v. Grant*, 2009 WL 3317262 (S.D. Ga. October 14, 2009) (dismissing conditions of confinement claim where the plaintiff's allegations were conclusions and vague assertions like 'cold bare cell'). Cold alone does not support a successful conditions-of-confinement claim. *See Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997). "[C]ourts should examine several factors in assessing claims based on low cell temperature, such as the severity of the cold; its duration; whether the prisoner has

7

alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.*; *see also Lynch v. Bolling*, 2020 WL 6588735, at *6 (N.D. Ala. October 19, 2020) ("[C]ell temperatures must be extreme to state a constitutional claim."); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (uncomfortable temperatures alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment). A prisoner's mere discomfort, without more, does not offend the Eighth Amendment. *Chandler*, 379 F.3d at 1295. Edwards has, thus, not pled sufficient facts to allege a constitutional violation.

Edwards has also not sufficiently pled an Eighth Amendment violation based on his allegations of overcrowding in his cell. His complaint that a third inmate is sleeping on a pallet-like bunk in his cell designed for two people is not sufficient, on its own, to support a § 1983 claim. Without any factual allegations as to the size of the cell, the amount of time the inmates spend in the cell, or how the third inmate impacts Edwards' space for sleeping, his claim for unconstitutional overcrowding must fail. *See Bright v. Wilcher*, 2018 WL 6438595 (S.D.

Ga. October 17, 2018) *adopted* 2018 WL 6435886 (S.D. Ga. December 7, 2018) (dismissing prisoner's overcrowding claim at screening).

While Edwards raises claims that could potentially proceed were he given an opportunity to amend his Complaint to assert additional facts, "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 Fed.Appx. 709, 711 (11th Cir. 2015). Edwards' claims fail for another, independent reason, that does not appear to be amendable. Under the PLRA's exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "precondition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Gamer*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"); *but see Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1862 (2016) ("The only limit to § 1997e(a)'s mandate is the one

baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'").

Not only does the PLRA require exhaustion, it "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted).  Where an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies.  *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir.2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations").  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.  *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir.2005).  Simply filing a grievance without exhausting the

administrative process before filing a complaint does not constitute exhaustion in satisfaction of the PLRA.

Edwards claims he electronically filed a complaint relating his grievance to the appropriate grievance committee. Doc. 1 at 3. He affirmatively admits that he did not appeal any adverse decision to the highest level possible in the administrative procedure. *Id.* at 4. He further admits that his grievance was unanswered at the time he filed his complaint. *Id.* at 3. To satisfy the exhaustion requirements of PLRA, Edwards must have completed the administrative process before filing this action. *See Johnson*, 418 F.3d at 1159; *see also Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."). It is apparent from the face of Edwards' complaint that he did not appeal his grievance to the highest level possible. Doc. 1 at 3-4. He filed his lawsuit on November 26, 2019, only two weeks after the condition he complains of allegedly began, *id.* at 5 and before his complaint was ever answered,

*id.* at 3. This is not sufficient under PLRA, and his complaint should be **DISMISSED**.[2]

## III. CONCLUSION

In summary, Defendants Chatham County Detention Center and A-Z Paving should be **DISMISSED**. Edwards' claim for an Eighth Amendment violation based on the conditions of his confinement should be **DISMISSED** for failure to state a claim and failure to exhaust his administrative remedies.

Meanwhile, it is time for plaintiff to pay his filing fee. Plaintiff's prisoner trust fund account statement reflects $0 in average monthly deposits. Based upon his furnished information, he owes a $0 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time

---

[2] Despite the lack of any apparent basis for viable amendment, Edwards' opportunity to object to this Report and Recommendation within 14 days of service, *see infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing Smith v. Stanley, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED**, this 3rd day of June, 2021.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA